UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| M.J.J., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-cv-433 |
| v. | ) | |
| | ) | |
| Polk County Sheriff's Department, | ) | |
| | ) | |
| Darryl L. Christensen, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

For her Complaint, plaintiff M.J.J. hereby states and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for money damages for injuries sustained by Plaintiff as a result of the use of sexual assault and coercion in violation of her constitutional rights by the individual defendant. Plaintiff also asserts a claim against the Polk County Sheriff's Department pursuant to Wis. Stat. § 940.225(2)(h), 42 U.S.C. §§ 1983 and 1988, the Eighth Amendment of the United States Constitution, and 28 U.S.C. §§ 1331 and 1342(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

2. The amount in controversy exceeds $75,000, excluding interest and costs.

3. A jury trial is demanded.

## PARTIES

4. Plaintiff is and was, at all times material herein, a citizen of the United States, a resident of the State of Wisconsin, and a prisoner in the State of Wisconsin.

5. Defendant Darryl L. Christensen, upon information and belief, was, at all times material herein, a citizen of the United States and a resident of the State of Wisconsin, duly appointed and acting as a jailer at the Polk County Jail.

## FACTUAL ALLEGATIONS

6. Between November 3, 2011 and January 22, 2014, Plaintiff was incarcerated at the Polk County Jail nine (9) times. During those periods of incarceration, Defendant Christensen would kiss Plaintiff and insert his fingers into her vagina. He did this at least 24 times but less than 100 times. During that same time, Plaintiff performed fellatio on Defendant Christensen between 24 and 50 times. See attached Criminal Complaint, *State of Wisconsin v. Darryl L. Christensen*, 15 CF 159.

7. On November 3, 2013, Plaintiff was arrested for operating a motor vehicle while intoxicated and booked into the Polk County Jail. Defendant Christensen entered the cell where Plaintiff was being held, placed his penis into her vagina and had sexual intercourse. See attached Criminal Complaint, *State of Wisconsin v. Darryl L. Christensen*, 15 CF 159.

8. Plaintiff was incarcerated most recently between November 3, 2014 and January 22, 2014. Defendant Christensen had sexual intercourse with Plaintiff on two separate occasions. On the first occasion, Defendant Christensen called Plaintiff out of her pod and made contact with her near the jail's control center, known as "the bubble". Defendant Christensen kissed her and put his fingers into her vagina. Defendant Christensen then had Plaintiff perform fellatio on him before having sexual intercourse with her. The second time Defendant Christensen had intercourse with Plaintiff it occurred in a bathroom. Plaintiff was in what is known as the "X" room, walking laps for exercise. Defendant Christensen directed Plaintiff to "put on a show" for him and eventually took her into the bathroom off of the "X" room, inserted

his penis into her vagina and had sexual intercourse. See attached Criminal Complaint, *State of Wisconsin v. Darryl L. Christensen*, 15 CF 159.

9. During Plaintiff's incarceration between November 3, 2013 and January 22, 2014, Defendant Christensen would direct Plaintiff to put her hand on his crotch when she went to pick up medications at the medications cart; between approximately 12 and 24 times. During this time, Defendant Christensen would masturbate from the "bubble" where Plaintiff could watch him. See attached Criminal Complaint, *State of Wisconsin v. Darryl L. Christensen*, 15 CF 159.

## COUNT ONE

## VIOLATION OF 42 U.S.C. §1983 – SEXUAL ASSAULT

10. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

11. The conduct described above will establish that Defendant Christensen, in his individual capacity, violated Plaintiff's Eighth Amendment right against cruel and unusual punishment, by sexually assaulting her during her incarceration.

12. By the actions described above, Defendant Christensen, under color of state law and in his official capacity as jail guard, violated and deprived Plaintiff of her clearly established and well-settled civil right to be free from sexual assault by a supervising jail guard.

13. Defendant Christensen subjected Plaintiff to these deprivations of constitutional rights either maliciously, intentionally, deliberately, willfully, or by acting with reckless disregard for whether Plaintiff's civil rights would be violated by his actions.

14. As a direct and proximate result of the acts of Defendant Christensen, Plaintiff has suffered physical injury and mental anguish and is therefore damaged in an amount in excess of seventy-five thousand dollars ($75,000).

15. Punitive damages are also properly awardable against Defendant Christensen and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983) and, as such, are not subject to the pleading requirements or the differing standard of proof set forth in Wis. Stat. § 895.043.

16. Plaintiff is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## COUNT TWO

### 2ND DEGREE SEXUAL ASSAULT: SEXUAL CONTACT OR INTERCOURSE BY A CORRECTIONAL STAFF MEMBER

17. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

18. By engaging in sexual contact and sexual intercourse with Plaintiff while she was incarcerated and Defendant Christensen was a jail guard supervising her incarceration, Defendant Christensen is in violation of Wis. Stat. § 940.225(2)(h).

19. As a direct and proximate result of Defendant Christensen's sexual assault, Plaintiff suffered physical injury, pain and suffering, mental anguish and humiliation in excess of seventy-five thousand dollars ($75,000).

20. The Polk County Sheriff's Department is jointly and severally liable for the actions of Defendant Christensen under the doctrines of agency and respondent superior.

## COUNT THREE

## VICARIOUS LIABILITY

21. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

22. The Polk County Sheriff's Department is liable for Defendant Christensen's conduct because he was acting within the scope of his employment when he caused Plaintiff physical and emotional harm.

23. Upon information and belief, Defendant Christensen's conduct occurred during working hours and while conducting official business. The Polk County Sheriff's Department knew or should have known of such conduct.

24. Defendant Christensen's illegal conduct during the course and scope of his employment is imputable to the Polk County Sheriff's Department as its agent under the vicarious liability doctrine.

## RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor as follows:

1. That the practices and conduct of Defendant Christensen complained of herein be adjudged in violation of the rights secured by Plaintiff under the Eighth Amendment.

2. That the practices and conduct of Defendant Christensen complained of herein be adjudged a violation of Wisconsin law.

3. That the Polk County Sheriff's Department is vicariously liable for Defendant Christensen's conduct adjudged in violation of Wisconsin law.

4.	That Plaintiff is awarded compensatory damages in an amount to be established at trial.

5.	That Plaintiff is awarded damages for mental anguish and pain and suffering in an amount to be established at trial.

6.	That Plaintiff is awarded punitive damages against Defendant Christensen under the Civil Rights Act of 1871, and 42 U.S.C. § 1983.

7.	That the Court award Plaintiff her attorneys' fees and costs and expenses of this action and prejudgment interest pursuant to 42 U.S.C. §§ 1983 and 1988 and Wisconsin law.

8.	For such other and further relief as this Court deems just and equitable.

Dated this 23rd day of July, 2015.	     s/ Jeffrey L. Kemp
Jeffrey L. Kemp (1075842)
Eckberg, Lammers, Briggs, Wolff &
Vierling, PLLP
430 Second Street
Hudson, WI 54016
jkemp@eckberglammers.com
(715) 386-3733