UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

M.J.J.,

        Plaintiff,

   v.

POLK COUNTY SHERIFF'S DEPARTMENT,
DARRYL L. CHRISTENSEN,

        Defendant.

Case No. 15-CV-433

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Polk County Sheriff's Department ("Polk County"), by its attorneys Whyte Hirschboeck Dudek S.C., answers the Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. Polk County admits Plaintiff seeks money damages for alleged personal injuries; the remaining allegations of paragraph 1 state legal conclusions to which no response is required; to the extent the remaining allegations of paragraph 1 are deemed to assert factual allegations, Polk County denies those allegations.

2. Polk County denies the allegations of paragraph 2.

3. Plaintiff's demand for a jury trial requires no response.

### PARTIES

4. Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4, and that on that basis denies them.

5. Polk County admits Defendant Darryl L. Christensen is a citizen of the United States and was, at certain times, a resident of the State of Wisconsin and employed at the Polk

County Jail; Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 5, and on that basis denies them.

## FACTUAL ALLEGATIONS

6. Polk County admits that between November 3, 2011 and January 22, 2014 Plaintiff was incarcerated at the Polk County Jail multiple times; admits the attached criminal Complaint was filed against Defendant Darryl L. Christensen, affirmatively alleges that the allegations of that Complaint speak for themselves, and denies any allegations inconsistent therewith; Polk County lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations of paragraph 6, and on that basis denies them.

7. Polk County admits that Plaintiff was booked in the Polk County Jail on or about November 3, 2013; admits the attached criminal Complaint was filed against Defendant Darryl L. Christensen, affirmatively alleges that the allegations of that Complaint speak for themselves, and denies any allegations inconsistent therewith; Polk County lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations of paragraph 7, and on that basis denies them.

8. Polk County admits Plaintiff was incarcerated between November 3, 2013 and January 22, 2014; admits the attached criminal Complaint was filed against Defendant Darryl L. Christensen, affirmatively alleges that the allegations of that Complaint speak for themselves, and denies any allegations inconsistent therewith; Polk County lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations of paragraph 8, and on that basis denies them.

9. Polk County admits Plaintiff was incarcerated between November 3, 2013 and January 22, 2014; admits the attached criminal Complaint was filed against Defendant Darryl L. Christensen, affirmatively alleges that the allegations of that Complaint speak for themselves,

and denies any allegations inconsistent therewith; Polk County lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations of paragraph 9, and on that basis denies them.

## COUNT ONE

### VIOLATION OF 42 U.S.C. § 1983 – SEXUAL ASSAULT

10. Polk County repeats and realleges its answers to paragraphs 1 through 9 as its answer to paragraph 10.

11. The allegations of paragraph 11 state legal conclusions to which no response is required; to the extent a response is required, Polk County denies the allegations of paragraph 11.

12. The allegations of paragraph 12 state legal conclusions to which no response is required; to the extent a response is required, Polk County denies the allegations of paragraph 12.

13. The allegations of paragraph 13 state legal conclusions to which no response is required; to the extent a response is required, Polk County denies the allegations of paragraph 13.

14. Polk County denies the allegations of paragraph 14.

15. Polk County denies the allegations of paragraph 15.

16. Polk County denies the allegations of paragraph 16.

## COUNT TWO

### 2ND DEGREE SEXUAL ASSAULT: SEXUAL CONTACT OR INTERCOURSE BY A CORRECTIONAL STAFF MEMBER

17. Polk County repeats and realleges its answers to paragraphs 1 through 16 as its answer to paragraph 17.

18. The allegations of paragraph 18 state the legal conclusion to which no response is required; to the extent a response is required, Polk County denies the allegations of paragraph 18.

19.	The allegations of paragraph 19 state the legal conclusion to which no response is required; to the extent a response is required, Polk County denies the allegations of paragraph 19.

20.	Polk County denies the allegations of paragraph 20.

## COUNT THREE

## VICARIOUS LIABILITY

21.	Polk County repeats and realleges its answers to paragraphs 1 through 20 as its answer to paragraph 21.

22.	Polk County denies the allegations of paragraph 22.

23.	Polk County denies the allegations of paragraph 23.

24.	Polk County denies the allegations of paragraph 24.

WHEREFORE, Defendant Polk County Sheriff's Department denies it is liable to the Plaintiff in any amount whatsoever and respectfully requests that this Court enter an Order dismissing the Plaintiff's Complaint with prejudice and awarding Polk County its costs, attorney's fees, and disbursements incurred in the defense of this matter.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Polk County Sheriff's Department states as follows:

1.	The Complaint fails to state a cause of action upon which relief may be granted.

2.	Polk County at all times acted in good faith and is entitled to qualified immunity.

3.	Plaintiff's claims may be barred in whole or in part by any failure on the part of Plaintiff to comply with the notice and claim provisions of Wis. Stat. § 893.80(1).

4.	Plaintiff's claims may be subject to the damage caps set forth in Wis. Stat. § 893.80(3).

5.	Polk County may be immune from suit with respect to any claims by Plaintiff under Wisconsin law pursuant to Wis. Stat. § 893.80(4).

6. Plaintiff may have failed to mitigate her alleged damages.

7. To the extent Plaintiff's damages, if any, may been caused in whole or in part by the alleged criminal conduct of Darryl L. Christensen, such alleged criminal conduct is a superseding and/or intervening cause which cannot be attributed to Polk County.

Dated this 24th day of September, 2015.

        WHYTE HIRSCHBOECK DUDEK S.C.

        s/*Paul D. Cranley*
        Paul D. Cranley
        State Bar No. 1050029
        P.O. Box 1379
        Madison, Wisconsin 53701-1379
        Telephone: 608-255-4440
        Fax: 608-258-7138
        Email: pcranley@whdlaw.com

        Charles H. Bohl
        State Bar No. 1000239
        Andrew A. Jones
        State Bar No. 1023074
        555 East Wells Street, Suite 1900
        Milwaukee, Wisconsin 53202-3819
        414-273-2100
        414-223-5000 (fax)
        cbohl@whdlaw.com

        Attorneys for Polk County Sheriff's Department

WHD/11820369.1