IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

M.J.J.,

        Plaintiff,                                                Civil Action No. 15-cv-433-wmc

v.

POLK COUNTY SHERIFF'S DEPARTMENT
AND DARRYL L. CHRISTENSEN,

        Defendants,

and

WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION,

        Intervenor.

## PLAINTIFF'S PROPOSED FINDINGS OF FACT

NOW COME Plaintiff, M.J.J., by her undersigned attorney and submits the following Proposed Findings of Fact in support of her Response to Defendant Wisconsin County Mutual Insurance Corporation's Motion for Summary Judgment:

1. Defendant Christensen wore a uniform while employed as a jailer at the Polk County Jail. (Dkt. 46, Christensen Dep. 36:19-37:1; Affidavit of Lida Bannink, Exs. G, H, I, J, K, and L.)

2. Defendant Christensen carried handcuffs while employed as a jailer at the Polk County Jail. (Affidavit of Lida Bannink, Exs. G, H, I, J, K, and L.)

3. Defendant Christensen wore a badge while employed as a jailer at the Polk County Jail. (*Id.*)

4. Defendant Christensen was trained in, and carried a taser while employed as a jailer at the

Polk County Jail. (*Id.* at Ex. M.)

5. Defendant Christensen was in control of Plaintiff while she was in inmate at the Polk County Jail. (Dkt. 46, Christensen Dep. 109:24-25 to 110:1-2; 126:6-13.)

6. It was normal procedure to have only one officer in the max pod, max control that looked over all of the inmates in that area. (*Id.* at 138:25-139:6.)

7. The sexual contact occurred while Defendant Christensen was a jailer in the maximum pod and plaintiff was housed in that pod. (*Id.* at 102:12-24; 104:18-23.)

8. Defendant Christensen would engage in sexual contact when no other guards were present. (*Id.* at 58:15-22.)

9. Captain Nargis alleges that it was not known to jail administration that Defendant Christensen was engaging in sexual conduct with inmates. (Dkt. 49, Nargis Dep. 105:16-106:13.)

10. Defendant Christensen was not trained and did not know that inmates could not legally consent to sexual activity with Defendant, a jailer. (Dkt. 46, Christensen Dep. 140:12-19; 141:24-142:12.)

11. Defendant Christensen would use the intercom to call Plaintiff out of the pod to engage in sexual contact. (Dkt. 48, M.J.J. Dep. 64:1-15, 84:23-25 and 86:5-10.)

12. Defendant Christensen, often working alone, had complete control over every single move that in inmate made including providing for all basic needs. (Affidavit of Lida Bannink Exs. A, pg. 1; B; C; D; E; and F.)

13. The Polk County inmate handbook indicates that all inmates must comply with all orders of jailers. (*Id.* at Ex. D, pg. 4.)

14. Inmates that are not given Huber privileges are not allowed under the sheets or blankets

2

of their bed during the day. (*Id.* at Ex. D, pg. 2.)

15. Inmates are informed that they are to shower daily from 0700 to 1000 hrs. (*Id.*)

16. If inmates are to request a razor for shaving they must do so during 0700 meds and they must be requested personally. (*Id.*)

17. Medications are administered four times daily by jailers whereby the inmate must come to the door for their medications. (*Id.* at Ex. D, pg. 3.)

18. Uniforms and towels are exchanged twice weekly, sheets are exchanged weekly, and blankets are exchanged monthly. (*Id.*)

19. Inmates can receive items from the supply cart only if not otherwise available through commissary and only on Monday and Thursday. (*Id.*)

20. Inmates are allowed to exercise without their shirt for 60 consecutive minutes per day. (*Id.*)

21. Recreation privileges, such as exercising, may be denied to inmates by staff. (*Id.* at Ex. F.)

22. Playing cards are available only through commissary. (*Id.*)

23. Polk County Jail staff are solely responsible for providing meal trays to inmates. Inmates failing to come to the pass through during meal pass may miss the meal. (*Id.* at Ex. D, pg. 4.)

24. In order to get a haircut, an inmate must request use of jail owned clippers which are available one time per month. Jailers have the authority to stop use privileges indefinitely. (*Id.* at Ex. D, pg. 9.)

25. Inmates are charged a $5.00 co-pay to see the jail nurse. (*Id.* at Ex. D, pg. 3.)

26. Inmates cannot change bunks or move to another cell without an officer's approval in

3

medium and maximum pods. (*Id*. at Ex. D, pg. 2.)

27. Inmates cannot hang any personal items in the inmate's cell or on their bunk (*Id*.)

28. In order to receive new books and reading materials, an inmate must request them from Jail officers through the jail library or submit a request through jail staff for books from an outside agency. (*Id*. at Ex. E.)

29. In order to do legal research, other than through an attorney, an inmate must fill out an Inmate Request Form and submit it to an officer in order to receive those materials. (*Id*.)

30. Televisions can be restricted for disciplinary reasons. (*Id*. at Ex. F.)

31. According to Polk County Jail Policy, the multipurpose room, or X room, was only available for inmates for use upon requesting permission from the jailer on duty (*Id*.)

32. The multipurpose, or X-room could be used for walking, calisthenics, aerobic exercise, shadow boxing, etc. (*Id*.)

33. The captain of the Polk County Jail allowed inmates to be given treats for good behavior. (Dkt. 46, Christensen Dep. 121:16-122:9.)

34. An inmate's person, property, and cell/pod could be searched at random and an inmate has no right to be present during the search. (Affidavit of Lida Bannink, Ex. D, pg. 4.)

35. Officers could restrict privileges and/or lock down an inmate for up to 24 hours without a formal hearing for violations of the jail rules. (*Id*.)

36. Jailers could determine that a major rule violation be punished with a sanction normally reserved for a minor rule offense. (*Id*.)

37. Disobeying a direct order is considered a "major rule violation." (*Id* at Ex. D, pg. 6.)

38. Penalties for a major rule violation can include:
    - Disciplinary segregation for a period greater than 24 hours.
    - Loss of one or more privileges for up to 30 days (T.V. visits etc)

4

- Loss of Canteen- except hygiene and writing materials
- Restitution for damages
- Criminal Charges
- Re-classification
- Loss of good time
- Request to court for revocation of Huber Privileges
- Any combination of the above

(*Id.*)

39. Penalties for a minor rule violation are as follows: "An officer witnessing or gaining knowledge of an incident involving violations of minor jail rules may **immediately** discipline the offending inmates by: verbal warning, temporarily restricting that inmate's privileges (T.V., canteen, etc.), placing the inmate on Disciplinary Segregation for 24 hours, Restitution for damages, and write up for re-classification. (*Id.* at Ex. D, pg. 7 *emphasis added*.)

40. Minimum Security inmates, "will be given some additional privileges not afforded medium or maximum inmates. These include the ability to have 2 visits per week and full access to current and future jail programs. 2 late nights will be offered per week. Additional TV channels are also provided." (*Id.* at Ex. D, pg. 11.)

41. Medium Security Inmates "will also be allowed 2 visits per week and somewhat limited access to jail programs. One late night per week based on inmate behavior and officer discretion. Housing will be in a separate part of the jail from minimum inmates. Limited TV channels are provided." (*Id.*)

42. Maximum Security Inmates "will also be offered one visit per week. You will not be allowed to attend group programs, only the Friday morning One on One. 5 TV channels are provided. Maximum Security inmates will be housed separately from all other inmates." (*Id.*)

5

43. Inmates are informed that, "[t]hose [inmates] who cannot follow the rules will find their privileges and housing options restricted. You are responsible for your own behavior and you are ultimately responsible for the conditions of your stay at the Polk County Jail." (*Id.*)

44. "Sexual Molestation" is defined in WCMIC's policies as follows:

> "*Sexual molestation* means the actual or attempted or alleged sexual contact of a person or more than one persons acting in concert."

(Dkt. 13, Bisek Aff. Exh. 1 at pg. 51.)

**ECKBERG LAMMERS, P.C.**

Dated: 8th day of July, 2016

By: s/Lida M. Bannink
Thomas J. Weidner (1082013)
Lida M. Bannink (1088518)
Attorneys for Plaintiff
430 Second Street
(715) 386-3733
tweidner@eckberglammers.com
lbannink@eckberglammers.com