IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

M.J.J,

                           Plaintiff,

      v.

POLK COUNTY SHERIFF'S DEPARTMENT,                Case No. 15-cv-433
DARRYL L. CHRISTENSEN,

                           Defendants

      and

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION,

                         Intervenor.

**INTERVENOR'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT**

NOW COMES the Intervenor, Wisconsin County Mutual Insurance Corporation, by its undersigned attorneys, and submits the following Response to Plaintiff's Proposed Findings of Fact:

1. Defendant Christensen wore a uniform while employed as a jailer at the Polk County Jail. (Dkt. 46, Christensen Dep. 36:19-37:1; Affidavit of Lida Bannink, Exs. G, H, I, J, K, and L.)

Response:     Deny.  The cited evidence does not support the Proposed Fact.

2. Defendant Christensen carried handcuffs while employed as a jailer at the Polk County Jail. (Affidavit of Lida Bannink, Exs. G, H, I, J, K, and L.)

Response:     Deny.  The cited evidence does not support the Proposed Fact.

3. Defendant Christensen wore a badge while employed as a jailer at the Polk County Jail. *(Id.)*

Response:     Deny.  The cited evidence does not support the Proposed Fact.

4. Defendant Christensen was trained in, and carried a taser while employed as a jailer at thePolk County Jail. *(Id.* at Ex. M.)

Response:     Admit only that defendant Christensen received training relating to use of a taser. Deny remainder. The cited evidence does not support the Proposed Fact.

5. Defendant Christensen was in control of Plaintiff while she was in inmate at the Polk County Jail. (Dkt. 46, Christensen Dep. 109:24-25 to 110:1-2; 126:6-13.)

Response:     Admit.

6. It was normal procedure to have only one officer in the max pod, max control that looked over all of the inmates in that area. *(Id.* at 138:25-139:6.)

Response:     Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

7. The sexual contact occurred while Defendant Christensen was a jailer in the maximum pod and plaintiff was housed in that pod. *(Id.* at 102:12-24; 104:18-23.)

Response:     Admit.

8. Defendant Christensen would engage in sexual contact when no other guards were present. *(Id.* at 58:15-22.)

Response:     Admit.

9. Captain Nargis alleges that it was not known to jail administration that Defendant Christensen was engaging in sexual conduct with inmates. (Dkt. 49, Nargis Dep. 105:16-106:13.)

Response:     Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

10. Defendant Christensen was not trained and did not know that inmates could not legally consent to sexual activity with Defendant, a jailer. (Dkt. 46, Christensen Dep. 140:12-19; 141:24-142:12.)

Response:        Admit only that Christensen did not know that inmates could not legally consent to sexual activity with correctional staff/jailers, and could not recall any training on this topic.  Deny remainder.  The cited evidence does not support the remainder of the Proposed Fact.

11. Defendant Christensen would use the intercom to call Plaintiff out of the pod to engage in sexual contact. (Dkt. 48, M.J.J. Dep. 64:1-15, 84:23-25 and 86:5-10.)

Response:        Admit.

12. Defendant Christensen, often working alone, had complete control over every single move that in inmate made including providing for all basic needs. (Affidavit of Lida Bannink Exs. A, pg. 1; B; C; D; E; and F.)

Response:        Deny.  The cited evidence does not support the Proposed Fact.

13. The Polk County inmate handbook indicates that all inmates must comply with all orders of jailers. *(Id.* at Ex. D, pg. 4.)

Response:        Admit that the Polk County inmate handbook indicates that all inmates "are required to follow orders/instructions from staff."

14. Inmates that are not given Huber privileges are not allowed under the sheets or blankets of their bed during the day. *(Id.* at Ex. D, pg. 2.)

Response:        Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

15. Inmates are informed that they are to shower daily from 0700 to 1000 hrs. *(Id.)*

Response:        Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

16. If inmates are to request a razor for shaving they must do so during 0700 meds and they must be requested personally. *(Id.)*

Response:        Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

17. Medications are administered four times daily by jailers whereby the inmate must come to the door for their medications. *(Id.* at Ex. D, pg. 3.)

Response:    Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

18. Uniforms and towels are exchanged twice weekly, sheets are exchanged weekly, and blankets are exchanged monthly. *(Id.)*

Response:    Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

19. Inmates can receive items from the supply cart only if not otherwise available through commissary and only on Monday and Thursday. *(Id.)*

Response:    Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

20. Inmates are allowed to exercise without their shirt for 60 consecutive minutes per day. *(Id.)*

Response:    Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

21. Recreation privileges, such as exercising, may be denied to inmates by staff. *(Id.* at Ex. F.)

Response:    Admit that recreation privileges may be denied to inmates by staff "based on classification, disciplinary, security or medical records."  Deny remainder as not supported by the cited evidence, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

22. Playing cards are available only through commissary. *(Id.)*

Response:    Admit that playing cards are available through the commissary.  Deny that they are "only" available through the commissary as not supported by the cited evidence, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

23. Polk County Jail staff are solely responsible for providing meal trays to inmates. Inmates failing to come to the pass through during meal pass may miss the meal. *(Id.* at Ex. D, pg. 4.)

Response:    Admit that inmates failing to come to the pass through during meal pass may miss the meal. Deny remainder as not supported by the cited evidence, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

24. In order to get a haircut, an inmate must request use of jail owned clippers which are available one time per month. Jailers have the authority to stop use privileges indefinitely. *(Id.* at Ex. D, pg. 9.)

Response:   Admit except "in order to get a haircut," as not supported by the cited evidence. Affirmatively allege that an inmate can also request to purchase a haircut from the jail's stylist, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

25. Inmates are charged a $5.00 co-pay to see the jail nurse. *(Id.* at Ex. D, pg. 3.)

Response:   Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

26. Inmates cannot change bunks or move to another cell without an officer's approval in medium and maximum pods. *(Id.* at Ex. D, pg. 2.)

Response:   Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

27. Inmates cannot hang any personal items in the inmate's cell or on their bunk *(Id.)*

Response:   Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

28. In order to receive new books and reading materials, an inmate must request them from Jail officers through the jail library or submit a request through jail staff for books from an outside agency. *(Id.* at Ex. E.)

Response:   Deny.  The cited evidence does not support the Proposed Fact, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

29. In order to do legal research, other than through an attorney, an inmate must fill out an Inmate Request Form and submit it to an officer in order to receive those materials. *(Id.)*

Response:   Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

30. Televisions can be restricted for disciplinary reasons. *(Id.* at Ex. F.)

Response:   Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

31. According to Polk County Jail Policy, the multipurpose room, or X room, was only available for inmates for use upon requesting permission from the jailer on duty *(Id.)*

Response:    Deny.  The cited evidence does not support the Proposed Fact.  Admit that multipurpose rooms are available for eligible inmates, and that staff must escort an inmate to and from multipurpose rooms based on classification.  Affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

32. The multipurpose, or X-room could be used for walking, calisthenics, aerobic exercise, shadow boxing, etc. *(Id.)*

Response:    Admit that multipurpose rooms are available for eligible inmates, and if available, the rooms may be used for "available activities [including] walking, calisthenics, aerobics exercise, shadow boxing, etc." The cited evidence does not reference a multipurpose room as an "X-room," but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

33. The captain of the Polk County Jail allowed inmates to be given treats for good behavior. (Dkt. 46, Christensen Dep. 121:16-122:9.)

Response:    Deny.  The cited evidence does not support the Proposed Fact.  In fact, inmates were not given candy or "treats."  (Dkt. 47, Christensen Dep. 122:10-12; 123:7-12.) However, admit that Christensen would give inmates coffee for helping do certain tasks such as laundry, and that he testified that a Captain allowed that practice.  (*Id.* at 121-122:16-2.)

34. An inmate's person, property, and cell/pod could be searched at random and an inmate has no right to be present during the search. (Affidavit of Lida Bannink, Ex. D, pg. 4.)

Response:    Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

35. Officers could restrict privileges and/or lock down an inmate for up to 24 hours without a formal hearing for violations of the jail rules. *(Id.)*

Response:    Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

36. Jailers could determine that a major rule violation be punished with a sanction normally
    reserved for a minor rule offense. *(Id.)*

Response:     Admit, but affirmatively allege this proposed fact is immaterial for purposes of
              Intervenor's Motion for Summary Judgment.

37. Disobeying a direct order is considered a "major rule violation." *(Id* at Ex. D, pg. 6.)

Response:     Admit, but affirmatively allege this proposed fact is immaterial for purposes of
              Intervenor's Motion for Summary Judgment.

38. Penalties for a major rule violation can include:

- Disciplinary segregation for a period greater than 24 hours.
- Loss of one or more privileges for up to 30 days (T.V. visits etc)
- Loss of Canteen- except hygiene and writing materials
- Restitution for damages
- Criminal Charges
- Re-classification
- Loss of good time
- Request to court for revocation of Huber Privileges
- Any combination of the above

*(Id.)*

Response:     Admit, but affirmatively allege this proposed fact is immaterial for purposes of
              Intervenor's Motion for Summary Judgment.

39. Penalties for a minor rule violation are as follows: "An officer witnessing or gaining
    knowledge of an incident involving violations of minor jail rules may **immediately**
    discipline the offending inmates by: verbal warning, temporarily restricting that inmate's
    privileges (T.V., canteen, etc.), placing the inmate on Disciplinary Segregation for 24 hours,
    Restitution for damages, and write up for re-classification. *(Id.* at Ex. D, pg. *7 emphasis
    added.)*

Response:     Admit, but affirmatively allege this proposed fact is immaterial for purposes of
              Intervenor's Motion for Summary Judgment.

40. Minimum Security inmates, "will be given some additional privileges not afforded medium or maximum inmates. These include the ability to have 2 visits per week and full access to current and future jail programs. 2 late nights will be offered per week. Additional TV channels are also provided." *(Id.* at Ex. D, pg. 11.)

Response:      Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

41. Medium Security Inmates "will also be allowed 2 visits per week and somewhat limited access to jail programs. One late night per week based on inmate behavior and officer discretion. Housing will be in a separate part of the jail from minimum inmates. Limited TV channels are provided." *(Id.)*

Response:      Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

42. Maximum Security Inmates "will also be offered one visit per week. You will not be allowed to attend group programs, only the Friday morning One on One. 5 TV channels are provided. Maximum Security inmates will be housed separately from all other inmates." *(Id.)*

Response:      Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

43. Inmates are informed that, "[t]hose [inmates] who cannot follow the rules will find their privileges and housing options restricted. You are responsible for your own behavior and you are ultimately responsible for the conditions of your stay at the Polk County Jail." *(Id.)*

Response:      Admit, but affirmatively allege this proposed fact is immaterial for purposes of Intervenor's Motion for Summary Judgment.

44. "Sexual Molestation" is defined in WCMIC's policies as follows:

*"Sexual molestation* means the actual or attempted or alleged sexual contact of a person or more than one persons acting in concert."

(Dkt. 13, Bisek Aff. Exh. 1 at pg. 51.)


<u>Response</u>:        Admit.


Dated this 25th day of July, 2016.


s/ Lori M. Lubinsky<br>
Attorneys for Intervenor<br>
Wisconsin County Mutual Ins. Corporation<br>
AXLEY BRYNELSON, LLP<br>
P.O. Box 1767<br>
Madison, WI  53701-1767<br>
Telephone:  (608) 257-5661<br>
Fax:  (608) 257-5444<br>
Email: llubinsky@axley.com

F:\EAFDATA\2961\74780\01997168.DOCX