IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

M.J.J,

        Plaintiff,

v.

POLK COUNTY SHERIFF'S DEPARTMENT,        Case No. 15-cv-433
DARRYL L. CHRISTENSEN,

        Defendants

and

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION,

        Intervenor.

**INTERVENOR'S REPLY TO PLAINTIFF'S RESPONSE TO
INTERVENOR WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION'S
PROPOSED FINDINGS OF FACT**

NOW COMES the Intervenor, Wisconsin County Mutual Insurance Corporation, by its undersigned attorneys, and submits the following Reply to Plaintiff's Response to Intervenor Wisconsin County Mutual Insurance Corporation's Proposed Findings of Fact (we will only address the Intervenor's Proposed Findings of Fact that were not admitted by Plaintiff):

    5. More specifically, M.J.J. alleges that Christensen began by making flattering statements to her of sexual nature. (Dkt. 32, Lubinsky Aff. Exh. 1, M.J.J. Dep. At 67:1-15.)

RESPONSE: Dispute to the extent that the use of the word "flattering" makes the inference that the comments were appreciated. As to the sexual contact between MJJ and Defendant Christensen, MJJ stated: "It started off as just like sexual comments." (Dkt. 45, MJJ Dep. at 64:1-7.) After making this statement, Attorney Lubinski re-characterized the comments as "flattering statements;" these were not MJJ's words. (Dkt. 47, M.J.J. Dep. at 67:1-15.) It is agreed that prior to sexual contact, Christensen began by making sexual comments.

REPLY:    This is a dispute without a difference, as the dispute is immaterial for purposes of Intervenor's Motion for Summary Judgment. Intervenor does not dispute that prior to the sexual contact, Christensen began by making sexual comments.

      6. M.J.J. alleges that the flattering remarks led to physical sexual contact. *(Id.)*

RESPONSE: Dispute to the extent that the use of the word "flattering" makes the inference that the comments were somehow appreciated. As to the sexual contact between MJJ and Defendant Christensen, MJJ stated: "It started off as just like sexual comments." (Dkt. 45, MJJ Dep. at 64:1-7.) After making this statement, Attorney Lubinski re-characterized the comments as "flattering statements;" these were not MJJ's words. (Dkt. 47, M.J.J. Dep. at 67:1-15.). It is agreed that the comments led to physical sexual contact.

    REPLY:      This is a dispute without a difference, as the dispute is immaterial for purposes of Intervenor's Motion for Summary Judgment. Intervenor does not dispute that prior to the sexual contact, Christensen began by making sexual comments.

      8. M.J.J. alleges that she touched herself in a sexual manner at Christensen's request on 20 or more occasions, and she performed oral sex on Christensen about six times in the X-Room. *(Id.* at 87: 2-19.)

RESPONSE: Deny. M.J.J. alleged that Christensen asked her over the intercom to touch herself 20 times. (Dkt. 47, M.J.J. Dep. at 87:7-10.) M.J.J. never indicates that she did, in fact, touch herself. Admit that M.J.J. indicates that she performed oral sex on Christensen about six times in the X-Room. *Id.*

    REPLY:      Intervenor accepts Plaintiff's Response to this Proposed Fact, since the issue of whether M.J.J. complied with Christensen's requests to touch herself is immaterial for purposes of Intervenor's Motion for Summary Judgment.

      12. In fact, M.J.J. cooperated with Christensen to keep their sexual contact a secret. *(Id.* at 53:15-17)

RESPONSE: Dispute M.J.J. did not "cooperate" with Christensen, she was compelled to keep the secret. "Cooperation" was a term used by Attorney Bohl, not M.J.J. with the statement made by attorney Bohl. M.J.J. states and explains that she did not tell anyone about the sexual contact because she did not believe they would believe her over somebody in a position of power. (Dkt 48, MJJ Dep. 18:10-12; 46:12-19; and 54:13-18.) MJJ also indicated that she was afraid of repercussions. *(Id.* at 45:22-46:13.) Finally, MJJ indicated that Christensen "made it apparent that I would get in trouble." *(Id.* at at 104:10-14). Notwithstanding, Plaintiff admits that she did keep the sexual contact a secret while it was happening.

    REPLY:      Plaintiff's Response does not refute the Proposed Fact but merely asserts argument about the meaning of a word used in a question posed to M.J.J. during her deposition, and then asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that M.J.J. cooperated with Christensen to keep their sexual contact a secret. Why she did so does not change the fact that she cooperated in keeping the sexual conduct a secret.

2

13. M.J.J. cooperated with Christensen in only having sex in places where she thought there were no cameras. *(Id.* at 53: 18-21.)

RESPONSE: Dispute. Again, M.J.J. did not use the term "cooperate" this was a term from Attorney Bohl. Attorney Bohl stated, "you cooperated with Darryl Christian [sic.] in only having sex in places where you thought there were no cameras; right?" M.J.J.'s response was "pretty much." (Dkt. 48, MJJ Dep. at 53: 18-21.)

REPLY: Plaintiff's Response does not refute the Proposed Fact but merely asserts argument about the meaning of a word used in a question posed to M.J.J. during her deposition. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that M.J.J. cooperated with Christensen in having sex in places where she thought there were no cameras.

14. M.J.J. also kept the fact that she was having sex with Christensen a secret from other prisoners. *(Id.* at 53-54: 22-3.)

RESPONSE: Admit that she did not tell any other prisoners. Dispute to the extent that it assumes that no other prisoners knew about the sexual contact. M.J.J. indicated that she believed that other inmates knew of the sexual conduct because of the behaviors exhibited by Defendant Christensen. (Dkt. 48, MJJ Dep. at 67:21-70:2.)

REPLY: Plaintiff's Response does not refute the Proposed Fact but merely asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that M.J.J. kept the fact that she was having sex with Christensen a secret from other prisoners. This Proposed Fact does not address what other prisoners may have known or suspected.

24. Christensen knew that Wisconsin criminal statutes prohibit a correctional officer to have sexual intercourse or sexual contact with inmates. *(Id.* at 18:15-19.)

RESPONSE: Deny to the extent that Christensen may have believed that inmates were able to consent. Christensen indicated that he was not aware that inmates were not able to consent to sexual contact. (Dkt. 46, Christensen Dep. 140:12-19; 141:24-142:12.) In all other respects, admit.

REPLY: Plaintiff's Response does not refute the Proposed Fact but merely asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that Christensen knew it was against Wisconsin criminal statutes for a correctional officer to have sexual intercourse or sexual contact with inmates. Whether he knew about an inmate's ability to consent under the law does not change the fact that he knew that it was a crime for him to have any sexual contact with any inmate.

35. Christensen knew his sexual interactions with M.J.J. were wrong. *(Id.* at 37:9-11.)

RESPONSE: Deny to the extent that Christensen may have believed that inmates were able to consent. Christensen indicated that he was not aware that inmates were not able to consent to sexual contact. (Dkt. 46, Christensen Dep. 140:12-19; 141:24-142:12.). In all other respects, admit.

REPLY: Plaintiff's Response does not refute the Proposed Fact but merely asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that Christensen knew his sexual interactions with M.J.J. were wrong. Whether he knew about an inmate's ability to consent under the law does not change the fact that he knew his sexual interactions with M.J.J. were wrong.

37. Christensen knew that his sexual interactions with M.J.J. violated Wisconsin's criminal code. *(Id.* at 37:16-18.)

RESPONSE: Deny to the extent that Christensen may have believed that inmates were able to consent. Christensen indicated that he was not aware that inmates were not able to consent to sexual contact. (Dkt. 46, Christensen Dep. 140:12-19; 141:24-142:12.) In all other respects, admit.

REPLY: Plaintiff's Response does not refute the Proposed Fact but merely asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that Christensen knew it was against Wisconsin criminal code for him to have sexual contact with M.J.J. Whether he knew about an inmate's ability to consent under the law does not change the fact that he knew that it was a crime for him to have any sexual contact with M.J.J.

48. Christensen engaged in sexual interactions with M.J.J. for the sole purpose of his own personal gratification. *(Id.* at 58-59:23-1.)

RESPONSE: Deny to the extent that this statement attempts to infer that, due to him acting for personal gratification that he was not acting within the scope of his authority.

REPLY: Plaintiff's Response does not refute the Proposed Fact. Plaintiff does not cite to any evidence to support the denial, and therefore the response does not comply with the Court's procedures governing motions for summary judgment. The Court should deem the Proposed Fact admitted. Regardless, the cited evidence supports the Proposed Fact.

49. Christensen was not serving the interest of Polk County when he engaged in sexual interactions with M.J.J. *(Id.* at 59:2-5.)

4

RESPONSE: Deny to the extent that this statement attempts to infer that, due to his belief that he was not serving the interest of Polk County, that he was acting outside of his scope of employment.

REPLY: Plaintiff's Response does not refute the Proposed Fact. Plaintiff does not cite to any evidence to support the denial, and therefore the response does not comply with the Court's procedures governing motions for summary judgment. The Court should deem the Proposed Fact admitted. Regardless, the cited evidence supports the Proposed Fact.

    50. Christensen knew that having sex with jail prisoners was a crime in Wisconsin. *(Id.* at 73:16-21.)

RESPONSE: Deny to the extent that Christensen may have believed that inmates were able to consent. Christensen indicated that he was not aware that inmates were not able to consent to sexual contact. (Dkt. 46, Christensen Dep. 140:12-19; 141:24-142:12.) In all other respects, admit.

REPLY: Plaintiff's Response does not refute the Proposed Fact but merely asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that Christensen knew that having sex with jail prisoners was a crime in Wisconsin. Whether he knew about an inmate's ability to consent under the law does not change the fact that he knew that it was a crime for him to have sex with an inmate.

    51. Christensen was repeatedly trained not to have sexual interactions with inmates. *(Id.* at 73:22-23.)

RESPONSE: Dispute. The only training Defendant Christensen had regarding the concept of correctional officers having sexual contact with inmates consisted of a four-week program given in 1996 when he was first certified as a jail officer. (Dkt . 46, Christensen Dep. 11:17-14:2; 81:21-25). This was the only training Defendant Christensen had outside the jail. *(Id.* at 82:1-6). Defendant Christensen does not recall Polk County offering or provide any in-house training to its correctional officers on the topic of sexual contact with inmates or PREA *(Id.* at 12:21-13:11; 20:19-25). Christen was only once trained not to have sexual interactions with inmates, and that was 1996.

REPLY: Plaintiff's Response does not refute the Proposed Fact but merely asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that Christensen was repeatedly training not to have sex with inmates. The extent of that training is not material, nor is whether the training was before he started working for Polk County and/or while he worked for Polk County. Further, the evidence cited in response to this Proposed Fact does not support the argument being made, i.e. that all of Christensen's training not to have sexual contact with inmates occurred before he started working for Polk County. Christensen testified that he did receive

5

      internal training by Polk County of Polk County's policy prohibiting sexual contact with inmates. (*Id.* at 82-83: 7-10.)

63. The terms, conditions, limitations and exclusions in the Public Entity Liability policy of insurance preclude coverage for Defendant Christensen for the claims asserted by M.J.J. against Christensen in this action. *(Id. at ¶ 8.)*

RESPONSE: Dispute. This is a legal conclusion and not a fact. This proposed fact invades the province of the court in reaching a legal conclusion. *See Plaintiffs Brief in Response to WCMIC's Motion for Summary Judgement* (too voluminous to re-attach to this document) for the full analysis of why this legal conclusion is incorrect.

REPLY:    Intervenor agrees that this Proposed Fact states a legal conclusion, but it is a conclusion Intervenor believes is appropriately drawn from the undisputed facts and applicable law.

    Dated this 25th day of July, 2016.

                          s/ Lori M. Lubinsky
                          Attorneys for Intervenor
                          Wisconsin County Mutual Ins. Corporation
                          AXLEY BRYNELSON, LLP
                          P.O. Box 1767
                          Madison, WI 53701-1767
                          Telephone: (608) 257-5661
                          Fax: (608) 257-5444
                          Email: llubinsky@axley.com

F:\EAFDATA\2961\74780\01997098.DOCX