IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

M.J.J,

Plaintiff,

v.

Case No. 15-cv-433

POLK COUNTY SHERIFF'S DEPARTMENT,
DARRYL L. CHRISTENSEN,

Defendants

and

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION,

Intervenor.

**INTERVENOR WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Intervenor Wisconsin County Mutual Insurance Corporation ("WCMIC") moved for summary judgment seeking the following declarations from the Court: (1) there is no insurance coverage available to Defendant Christensen under the policies of insurance WCMIC issued to Polk County for Christensen's actions the form the basis for Plaintiff's Complaint; and (2) WCMIC has no duty to defend or indemnify Christensen for any of the claims asserted by Plaintiff against him in this case. No coverage exists under the insurance policies because Christensen was not an "insured" as defined under the insurance policies for the events at issue in this case. Alternatively, applicable exclusions in the policies preclude coverage to Christensen.

Christensen did not file any opposition to WCMIC's Motion for Summary Judgment. However, Plaintiff opposed WCMIC's motion for Summary Judgment. In her response brief,

Plaintiff asks this Court to conclude that a correctional officer's sexual assault of an inmate is part of the inmate's job and furthers the interests of the jailer's employer. Plaintiff's position is contrary to both the facts of this case and the applicable law. This case is not analogous to a police officer who uses excessive force and goes beyond the authority he/she is given but whose acts are excessive. The facts of this case are very simple. Christensen, a correctional officer, knowingly violated Polk County policies that preclude him from engaging in the very conduct that forms the basis for Plaintiff's Complaint. He knew his sexual assault of Plaintiff was wrong. He knew his actions were in violation of Wisconsin's criminal code. And by his own admission he engaged in the sexual assault of Plaintiff purely for his own self-interest, not out of any motive to serve Polk County's interests. There are no material facts in dispute. Christensen's actions were outside the scope of his employment, and the exclusions in WCMIC policies preclude coverage for Christensen's criminal acts. Summary judgment is appropriately granted to WCMIC.

## ARGUMENT

I. NO INITIAL GRANT OF COVERAGE EXISTS TO CHRISTENSEN BECAUSE HE WAS NOT AN "INSURED" UNDER WCMIC'S POLICIES OF INSURANCE ISSUED TO POLK COUNTY.

Plaintiff pays lip service to the standards for determining whether an employee's conduct is within the scope of employment, and then she ignores these standards in arguing that Christensen was acting within the scope of his employment when he sexually assaulted Plaintiff. Plaintiff admits that under black-letter Wisconsin law, an employee's conduct is within the scope of employment if (1) it is of the kind he is employed to perform, (2) occurs substantially within the authorized time and space limits, and (3) is actuated at least in part, by a purpose to serve his employer. *Olson v. Connerly*, 156 Wis. 2d 488, 499, 457 N.W.2d 479 (1990). However,

Plaintiff does not address these elements and instead cites to cases in which courts have found that police officers who misuse their authority by engaging in excessive force and sexual harassment may be acting within the scope of their employment even if they act intentionally or criminally. Plaintiff quotes sections or sentences of cases that have nothing to do with criminal sexual assault by a public officer or represent dicta, not actual court holdings. She argues that the "wave of the future" is that the concept of "scope of employment" should be interpreted more broadly when an employee is a police officer.

Plaintiff's argument completely misses the mark and ignores the facts of this case. First, as to the three part test for scope of employment under Wisconsin law, the undisputed facts of this case show that Polk County prohibited jailers from having any sexual contact with inmates. Christensen was aware of Polk County's policies prohibiting any sexual contact with inmates. He also was aware that Wisconsin criminal law prohibited correctional officers from having sexual contact with inmates. In fact, Plaintiff admits that "Christensen's job with Polk County in no way, shape or form involved sexual contact with inmates." (Dkt. No. 62, Pl.'s Resp. to WCMIC's P.F.F. No. 25.) Based on these undisputed facts, Christensen's sexual assault of Plaintiff was not "of the kind he is employed to perform," as required in *Olson v. Connerly*, 156 Wis. 2d at 499. Jailers do not have sexual contact with inmates as part of their job. The opposite is true: they are prohibited from having any sexual contact with inmates, both by Polk County's policies and Wisconsin criminal law. Accordingly, Plaintiff cannot meet the first element of the scope of employment test under Wisconsin law.

Further, Plaintiff does not factually dispute Christensen's admission that when he sexually assaulted Plaintiff, he did so for the sole purpose of his own personal gratification, not to serve any interest of his employer, Polk County. (*Id.* at Nos. 48, 49.) These undisputed facts

establish that Christensen's sexual assault of Plaintiff was not "actuated at least in part, by purpose to serve his employer," as required in *Olson v. Connerly*, 156 Wis. 2d at 499. Accordingly, Plaintiff cannot meet the third element of the scope of employment test under Wisconsin law.

Instead of addressing the elements of the scope of employment test to the sexual assaults that form the basis for her Complaint, Plaintiff proposed facts that are wholly immaterial to the scope of employment issue. This case is not about whether Christensen could prohibit inmates from getting haircuts, watching television or having access to reading materials. It is not about whether Christensen could prevent Plaintiff or other inmates from having bed linens, visiting with family or having the ability to exercise. It is about Christensen's sexual assaults of Plaintiff. A similar argument to the one advanced by Plaintiff was rejected by Judge Griesbach in *S.V. v. Kratz,* 2012 U.S. Dist. LEXIS 164152, at *11-14 (E.D. Wis. Nov. 15, 2012). In that case, the Court held as follows: "But [the defendant] has not been sued for sending text messages to Plaintiff; it is his sexual solicitation of her that forms the basis of Plaintiff's actions against him. While [the defendant] may have regularly communicated with crime victims regarding the prosecution of cases they were involved in, that was not the activity he undertook here." *Id.* at * 16. Plaintiff is suing Christensen for his sexual assaults of her. That is the conduct that she seeks damages for in her Complaint. And that conduct is not conduct that was committed within the scope of Christensen's employment as a correctional officer.

Instead of analyzing the undisputed material facts of this case against the applicable law, Plaintiff argues that the "wave of the future" of scope of employment cases should result in extending coverage to Christensen's sexual assaults of Plaintiff. However, a review of the cases

Plaintiff relies upon shows that they do not stand for the proposition she asserts, nor do they inform this Court's analysis in this case.

Plaintiff relies heavily on *Doe v. City of Chicago*, 360 F.3rd 667 (7th Cir. 2004). In that case, the Seventh Circuit addressed whether a police officer's sexual harassment of a citizen was outside the scope of his employment under Illinois law for purposes of the City of Chicago's liability for the officer's conduct. The Seventh Circuit addressed the issue and concluded as follows: "We cannot be certain whether the Supreme Court of Illinois would accept the analogy and hold that [the police officer], if the facts are as contended by Doe, was acting with the scope of his employment in committing the acts of which she complained." *Id.* at 671. The court held that the district court improperly entered judgment for the city because there were significant factual disputes over what the officer did when he pulled the plaintiff over for an alleged traffic violation and got her address for entirely personal reasons. The court held that the facts bearing on the scope on employment issue had not yet been determined. *Id.* at 672. In that case, the police review board had found the officer guilty of telephone harassment and trespass, but not sexual assault. *Id.* at 670. Most importantly, the court in *Doe v. City of Chicago* did not announce any new statement of the law regarding scope of employment, but rather found that factual disputes precluded judgment as a matter of law on the city's responsibility for the officer's acts based on the unknown state of Illinois law.

Whatever the state of Illinois law may be on scope of employment is irrelevant. Wisconsin courts have squarely addressed scope of employment for sexual assaults. *See Block v. Gomez*, 201 Wis. 2d 795, 549 N.W.2d 783 (Ct. App. 1996) (drug abuse counselor who had sex with a patient acted outside the scope of his employment, noting that the therapist "knew he was forbidden by the clinic to enter into a sexual relationship with his patients."); *Meredith M. v.*

*Pennsylvania General Ins. Co.*, 190 Wis. 2d 468, 528 N.W.2d 91 (Ct. App. 1994) (employee acted outside the scope of employment when he sexually assaulted a client); *S.J.A.J. v. First Things First, Ltd.*, 2000 WI App 233, ¶ 23, 239 Wis. 2d 233, 619 N.W.2d 307 (counselor's actions in fostering a sexual relationship with a patient were beyond the scope of employment).

Plaintiff does not meaningful distinguish the facts of this case from the cases cited in WCMIC's principle brief. For example, the fact that the sexual assaults in *N.R. Doe v. City of St. Francis*, 834 F. Supp. 2d 889, 892 (E.D. Wis. 2011), *áff'd on appeal* at 694 F.3d 869 (7th Cir. 2012) and *Block v. Gomez* occurred outside the school and the doctor's office goes only to the second element of scope of employment, not the first and third elements that are at issue in this case. The facts of those cases as they relate to the first and third elements of the scope of employment test cannot meaningfully be distinguished from this case, and the result in those cases should be the same for this case. Similarly, Plaintiffs attempt to distinguish *Doe v. Time Warner Cable of SE Wisconsin, L.P.*, 07-C-781, 2007 U.S. Dist. LEXIS 87262, 2007 WL 4143226 E.D. Wis. Nov. 19, 2007) and *S.V. v. Kratz*, 2012 U.S. Dist. LEXIS 164152 (E.D. Wis. Nov. 15, 2012) is likewise unavailing. Just because the sexual activity in these two cases occurred outside of work hours goes only to the second element of scope of employment. Again, Plaintiff does not address the first or third elements of the scope of employment test in analyzing these cases. Finally, Plaintiff chose to not address *Meredith M.* and *S.J.A.J.* because she claims these two unpublished Wisconsin cases cannot be cited under Wis. Stat. § 809.23(3). Plaintiff's argument is incorrect. The statute she cites addresses only citation to unpublished cases in "any court of this state" i.e. Wisconsin state courts, not federal courts including this Court. *See* Wis. Stat. § 809.23(3).

That leaves Plaintiff's argument regarding an officer's misuse of power and her desire to effectively change the law based on what she calls the "wave of the future." The reasoning Plaintiff offers to support her argument was squarely addressed and rejected in *S.V. v. Kratz*, 2012 U.S. Dist. LEXIS 164152, at *11-14 (E.D. Wis. Nov. 15, 2012). In that case, Judge Griesbach addressed the difference between scope of employment cases involving public officers who engage in sexual assaults, and soundly rejected the argument that such claims are analogous to excessive force cases:

> Where an employee knowingly violates express employer policies, civil or criminal laws, licensing regulations, or disciplinary codes in engaging in the conduct at issue, such evidence may be a powerful indication that the employee was acting outside the scope of employment. See, e.g., Block, 201 Wis. 2d at 807, 549 N.W.2d at 788. Yet, as a rule, employee conduct that is prohibited or even criminal does not necessarily fall outside the scope of employment. For example, other courts have examined whether a police officer's use of force or use of a weapon fell outside the scope of employment, and concluded it is a question of fact that a jury must decide. See, e.g., Cameron v. City of Milwaukee, 102 Wis.2d 448, 307 N.W.2d 164, 169 (1981); Javier v. City of Milwaukee, 670 F.3d 823 (2012); [12] Jude v. City of Milwaukee, No. 06C1101, 2010 U.S. Dist. LEXIS 64819, 2010 WL 2643383 (E.D. Wis. 2010).
>
> These cases are instructive because they highlight an important fact that is not present in cases such as this where the defendant officer or employee is sued for actions that are sexually motivated. The need to use force is an inherent part of a police officer's duties, and the line between when such use of force is justified, or privileged, and when it is unjustified and improper is not always clear or easy to draw. This is especially true when a law enforcement officer is required to immediately respond to a violent or potentially violent situation without the luxury of time to calmly and carefully consider the nature and extent of the risk he is facing. The need to use force under such circumstances is an essential part of a law enforcement officer's job, and frequently it will not be clear whether an officer's use of force was a result of over-zealous policing or whether he or she had actually "fully stepped aside" from their duties as an officer.
>
> The same uncertainty does not exist where an employee engages in sexual misconduct. In such situations it is often easier to draw bright lines **because there is no spectrum of acceptable behavior**. For a prosecutor in Kratz's position, for example, **soliciting a sexual relationship with a victim of a crime he is in the process of prosecuting is never a part of the job description**. Thus, courts have often found as a matter of law that **sexually motivated acts fall outside the scope**

> **of employment**. See, e.g., Block, 201 Wis.2d at 806, 549 N.W.2d at 788 (finding a sexual relationship between a therapist and patient was not within scope of employment); St. Francis, 834 F. Supp. 2d at 901 (holding teacher's prohibited romantic relationship with a student was outside the scope of employment); Doe v. Time Warner Cable of Se. Wisconsin, L.P., 07-C-781, 2007 U.S. Dist. LEXIS 87262, 2007 WL 4143226, at *3 (E.D. Wis. Nov. 19, 2007) (denying application of respondeat superior doctrine where manager sexually assaulted a co-worker after walking her to her car on work property); Meredith M. v. Pennsylvania General Ins. Co., 190 Wis. 2d 468, 528 N.W.2d 91 (Wis. Ct. App. 1994) (finding employee acted outside the scope of employment when he sexually assaulted a client); S.J.A.J. v. First Things First, Ltd., 2000 WI App 233, ¶ 23, 239 Wis. 2d 233, 619 N.W.2d 307 (holding counselor's actions in fostering a sexual relationship with a patient were beyond the scope of employment); Hansen v. Bd. of Trustees of Hamilton Southeastern School Corp., 551 F.3d 599, 612 (7th Cir. 2008) ("Indiana courts have found whether sexual misconduct is within the scope of one's employment to be a genuine issue of fact only in circumstances where the employee's job duties involved extensive physical contact with the alleged victim, such as undressing, bathing, measuring, or fitting.").

(Emphasis added).

Finally, as noted above and WCMIC's principle brief, the issue of scope of employment is one under state law, and Wisconsin law on this issue is well settled. The undisputed material facts of this case lead to the inescapable conclusion that Christensen's sexual assaults of Plaintiff were committed outside the scope of his employment with Polk County.

## II. THE EXCLUSION FOR WILLFUL VIOLATION OF PENAL STATUTES ALSO PRECLUDES COVERAGE.

Plaintiff does not dispute the fact that Christensen's conduct that forms the basis for her claims in this case resulted in him being charged and convicted of second degree sexual assault in violation of Wis. Stat. § 940.225(3m), which statute provides as follows: "Except as provided in sub. (3), whoever has sexual contact with a person without the consent of that person is guilty of a Class A misdemeanor." Wis. Stat. § 940.225(3m). Further, Plaintiff acknowledges that the applicable insurance policies contain exclusions for "personal injury" arising out of "the intentional or knowing violation of a penal statute or ordinance committed by or with the consent

of the *insured*." Plaintiff argues that this case falls within the "personal injury" coverage, not the "bodily injury" coverage, and therefore only the exclusions for "personal injury" are applicable. While WCMIC disputes that the conduct at issue can only fall within one grant of coverage and reaffirms its arguments as to the exclusions in the "bodily injury" and "errors and omissions" coverage, even assuming Plaintiff's argument is accepted, the exclusions to "personal injury" coverage apply.

A nearly identical argument to the one advanced here by Plaintiff was rejected in *N.R. Doe v. City of St. Francis*, 834 F. Supp. 2d 889, 892 (E.D. Wis. 2011). In that case, Judge Clevert held as follows:

> Next, Sweet argues that CIC's insurance contract is ambiguous by providing for but also excluding coverage based on sexual harassment and sexual contact. Specifically, personal injury coverage expressly includes assault and battery, including sexual molestation coverage, but then excludes coverage for willful violations of penal statutes.
>
> This argument is innovative, but fails because the penal statute violation is an exclusion. Sweet, who admitted that her relationship was outside the scope of her employment and went to great lengths to conceal that relationship from school officials, was never granted initial coverage. Without a grant of coverage, she cannot argue that the exclusion for willful violation of penal statutes does not apply. In any event, she pled guilty to fourth degree sexual assault in violation of Wis. Stat. § 940.225(3m).

*Id.* at 901-902.

Further, Plaintiff's argument that the penal act exclusion is ambiguous is contrary to clear holding in *Gillund v. Meridian Mut. Ins. Co.*, 323 Wis. 2d 1, 778 N.W.2d 662 (Ct. App. 2009) and the other cases cited in WCMIC's principle brief. The *Gillund* court addressed a similar argument made here concerning illusory coverage. Plaintiff argues that WCMIC's policies provides ambiguous and/or illusory coverage because she claims the policies provide coverage for "personal injury" which includes "sexual molestation," yet the policies exclude coverage for

"personal injury" arising out of "the intentional or knowing violation of a penal statute or ordinance committed by or with the consent of the *insured*." Plaintiff's argument of illusory coverage is easily rejected. First, coverage is only illusory if an insured cannot foresee any circumstances under which he would collect under a particular policy provision. *See Link v. General Cas. Co.*, 185 Wis. 2d 394, 400, 518 N.W.2d 261 (Ct. App. 1994). Coverage is not illusory under WCMIC's policies for "sexual molestation" yet excluded for an "intentional or knowing violation of a penal statute." First, the definition of "sexual molestation" includes "actual or attempted" sexual contact of a person. Yet, attempted sexual contact may not be an "intentional or knowing violation" of Wisconsin's criminal statutes, certainly not a violation of Wis. Stat. § 940.225. Further, state law does not prohibit mouth-to-mouth contact, and such contact could foreseeably fall within the scope of coverage under the policy's looser definition of "sexual molestation." Finally, and importantly, for the exclusion to apply, there must be an intentional or knowing violation of a criminal statue. Although the undisputed facts of this case show that Christensen intentionally and knowingly violated Wisconsin criminal law, it is foreseeable that there could be a sexual molestation where the perpetrator did not intentionally or knowingly violate the criminal code.

Lastly, Plaintiff argues that because Christensen did not know that inmates cannot consent to sexual activity with a correctional officer, somehow that means he did not knowingly or intentionally violate a penal statute. Plaintiff's argument is contrary to Christensen's admission that he knew that Wisconsin criminal statutes prohibit a correctional officer from having sexual intercourse or sexual contact with inmates. Whether he knew the reasoning behind the criminal statute – i.e. that an inmate cannot legally consent to sexual activity with a correctional officer – does not in any way undermine the fact that he knew his sexual assaults of

Plaintiff were a crime. He knowingly violated a penal statute and his conduct falls squarely within the penal act exclusion.

## CONCLUSION

Based on the foregoing, WCMIC respectfully requests the Court grant its Motion for Summary Judgment and enter declaratory judgment in favor of WCMIC declaring:

(1) There is no insurance coverage available to Christensen under the policies of insurance issued by WCMIC to Polk County for Christensen's actions as asserted by Plaintiff in this action; and

(2) WCMIC has no duty to defend or indemnify Christensen for any of the claims asserted by Plaintiff against Christensen in this action.

Dated this 26th day of July, 2016.

s/ Lori M. Lubinsky
Lori M. Lubinsky
Attorneys for Intervenor
Wisconsin County Mutual Ins. Corporation
AXLEY BRYNELSON, LLP
P.O. Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Fax: (608) 257-5444
Email: llubinsky@axley.com

\\axleyserver2\axley\EAFDATA\2961\74780\02008642.DOCX