| **STATE OF MINNESOTA** | ) | **AFFIDAVIT OF SERVICE** |
|---|---|---|
| | ) ss. | **VIA FACSIMILE AND MAIL** |
| **COUNTY OF WASHINGTON** | ) | |

Re:   *M.J.J. v. Polk County Sheriff's Department and Darryl L. Christensen*
Court File No.:  15-cv-433-wmc

Dana C. Reynolds, being duly sworn, says that on April ⟍5⟍, 2016, she served the

following documents:

1. **Plaintiff's First Set of Written Interrogatories and Request for Production of Documents.**

by faxing to and placing a true and accurate copy of each document in a sealed envelope with

sufficient postage and depositing the same in the United States Mail at a mailbox located in

Stillwater, Minnesota, directed to said person or persons at the following fax number and last

known address:

Martin J. De Vries
Sager & Colwin Law Offices, S.C.
201South Marr Street
PO Box 2068
Fond du Lac, WI  54936
Fax No:  (920) 921-8557

Paul D. Cranley
Whyte Hirschboeck Dudek S.C.
33 East Main Street, #300
P.O. Box 1379
Madison, WI  53701
Fax No:  (608) 258-7138

Lori M. Lubinsky
Axley Brynelson, LLP
PO Box 1767
Madison, WI  53701
Fax No:  (608) 257-5444

Fax No:

Dana C. Reynolds

Subscribed and sworn to before me
this ⟍5⟍ day of April, 2016.

Notary Public

BETHANY NORMA ANN REDZIC
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 1/31/21

**EXHIBIT**

tabbies

A

(Juleen/26311-26233)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

M.J.J.,

    Plaintiff,          Civil Action No. 15-cv-433-wmc

v.

POLK COUNTY SHERIFF'S DEPARTMENT
AND DARRYL L. CHRISTENSEN,

    Defendants.

## PLAINTIFF'S FIRST SET OF WRITTEN INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

TO: Attorneys for Polk County Sherriff's Department:

Whyte Hirschboeck Dudek S.C.
Paul D. Cranley
P.O. Box 1379
Madison, WI  53701
pcranley@whdlaw.com

Charles H. Bohl
Andrew A. Jones
555 East Wells Street, #1900
Milwaukee, WI 53202
cbohl@whdlaw.com
ajones@whdlaw.com

   Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, you are hereby required to answer and serve upon the above plaintiff answers to her First Set of Interrogatories and Request for Production of Documents, numbered and set forth below, within 30 days after service is made upon you.

## INSTRUCTIONS

1. Answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objections must be stated in lieu of an answer.

2. An evasive or incomplete answer is deemed a failure to answer under Rule 37 of the Federal Rules of Civil Procedure.

3. You are under a continuing duty to seasonably supplement your response with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called upon as an expert witness at trial and the subject matter on which he is expected to testify. Furthermore, you are under a similar duty to correct any incorrect response when you have later learned that it is incorrect.

4. In answering the Interrogatories, defendants are required to furnish information that is available to them or subject to their reasonable inquiry, including information in possession of their attorneys, advisors, or other persons, firms, partnerships, corporations or associations directly or indirectly employed by or connected with her or anyone else otherwise subject to their control.

## DEFINITIONS

The following definitions shall apply to Plaintiff's discovery requests herein:

1. "Plaintiff" means Plaintiff named in this action, as well as her agents, employees, servants, directors, officers, attorneys or representatives.

2. "Defendant Polk County" means Defendant Polk County Sheriff's Department as well as their agents, employees, servants, directors, officers, attorneys or representatives.

3. "Defendant Christensen" means Defendant Darryl L. Christensen as well as his agents,

employees, servants, directors, officers, attorneys or representatives.

4. "PCJ" means Polk County Jail operated by the Polk County Sheriff's Department.

5. "You," "your," and "defendant," means the Polk County Sheriff's Department, individually, Polk County Sheriff Department's employees, agents, independent contractors, and all other persons acting on behalf of the Polk County Sheriff's Department, including, but not limited to, accountants, attorneys, investigators, employees, or agents.

6. "In your possession, custody or control" means all documents in the possession, custody or control of defendants or their employees, agents, independent contractors, and all other persons acting on behalf of the defendant including, but not limited to, accountants, attorneys, investigators, employees, or agents.

7. "Jailer" and/or "Jailers" means any person monitoring and/or supervising inmates in the PCJ including but not limited to a deputy, sheriff, officer, supervisor, or any person acting on behalf of the Polk County Sheriff's Department.

8. "The bubble" is the area where jailers are housed to watch over inmates in the maximum security area of the Polk County Jail.

9. "PREA" means The Prison Rape Elimination Act that was signed into law on September 4, 2003.

10. "SVV" means The Survey of Sexual Victimization, formally known as The Survey of Sexual Violence.

11. "Identify" when used in reference to a natural person means that you shall state the following information:  (a) full name; (b) date of birth; (c) current or last known address and telephone number; (d) current or last known employer and position with employer;

3

and (e) marital status.

12. "Identify" when used in reference to a document, photograph or other tangible thing means that you shall state the following information:

   a. The subject matter of the contents of each;

   b. The date of each document;

   c. The name of the person writing or signing the same, if any;

   d. The full name and last known residential and business address of each person in whose custody such is now being kept or to whose control the same is subject and the position with said person's employment with his or her employer; and

   e. Whether you will attach to your answers to these Interrogatories, at this Plaintiff's expense, true and correct copies of each of said documents.

13. "Expert" or "expert witness" refers to any person you claim or may claim possesses special skill or knowledge derived from his or her claim who is qualified to give an opinion or state a conclusion concerning any matter at issue in the above-entitled case.

14. "Document" refers to the original and any copy (by any means made) regardless of origin or location, of any written, printed, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, including but not limited to any telegraph, book, pamphlet, manual, magazine, letter, memorandum, report, check, check stub, record study, handwritten note, working paper, diary, chart, paper, graph, drawing, purchase order, invoice, bill of lading, blueprint, plan, specification, sketch, layout, schematic, inter-office memoranda, interpersonal communication, photograph, warranty, contract, agreement, opinion, index, tape, disc, date sheet, or data process card, computer

storage device, or any other medium in the possession of you or your attorney of record.

## INTERROGATORIES

1. Identify all persons who assisted in providing substantive responses to these discovery requests.

2. Identify any and all persons likely to have discoverable information -along with the subject of that information -that you may use to support your claims or defenses, unless the use would be solely for impeachment.

3. Identify each person you intend or reasonably expect to call as an expert witness at hearing(s), trial, deposition(s), or by affidavit in this case, and as to such persons, identify the nature and substance of their opinions and the basis therefore, as well as the nature and substance of their expected testimony.

4. Identify any and all information or documents deleted, physically destroyed, corrupted, damaged, lost, or overwritten, including but not limited to camera footage, that are relevant Plaintiff s Complaint or your defenses to these claims and when the information was destroyed.

5. Identify the substance, and factual and legal basis for each and every defense to allegations in Plaintiff's Complaint.

6. List all employees of the Polk County Jail operated by the Polk County Sheriff's Department (hereinafter "PCJ") from September 4, 2003 to present including their rank/position and how that has changed throughout the identified time period, including whether or not they ever worked the same shift with Defendant Christensen.

7. Provide the name of each person at the PCJ who had the responsibility to provide supervision, training, including but not limited to PREA training, monitoring, direction

and/or control over the work-related activities of Defendant Christensen from September 4, 2003 to the present. For each individual listed, identify the time period of authority and the responsibilities during that period.

8. From September 4, 2003 to present, describe in detail and not in summary fashion, Defendant Christensen's job duties and responsibilities, how they were assigned, and list all dates when his duties and/or responsibilities changed during this period.

9. Describe in detail and not in summary fashion each rule and/or conduct violation, including but not limited to improper sexual conduct and/or violations pursuant to PREA, for which Defendant Christensen was investigated during his entire term of employment with you. Be sure to include the date and nature of violation, the details of the rule violated and how Christensen violated the rule, the results of the investigation, and discipline imposed.

10. Describe in detail and not in summary fashion any and all complaints, investigations and/or inquiries made into allegations of improper sexual conduct and/or improper sexual statements by any and all PCJ staff with inmates from September 4, 2003 to the present including but not limited to Alan Jorgenson.

11. Describe in detail and not in summary fashion the regular or annual review process for employees, including but not limited to Defendant Christensen. This includes but is not limited to how often they are conducted, what happens in a review, specific questions asked, specific documents requested from an employee or provided to employee, etc.

12. From September 4, 2003 to the present, describe where each and every camera has been/is placed and the field of view for each camera, within the PCJ including the hallways leading to the courtrooms. In your answer, indicate when a camera was placed and/or removed from a certain location.

13. Describe in detail and not summary fashion any and all job related training, education and/or information provided to its staff, including but not limited to Defendant Christensen, on the issue of fraternization with inmates, including sexual conduct, from September 4, 2003 to the present. This includes verbal and/or written training and materials.

14. Describe in detail and not in summary fashion any and all policies, procedures, or training that has been given to jailers regarding their duties when assigned to work the "bubble" from September 4, 2003 to present. This includes but is not limited to opening and closing the main entrance doors, exiting the "bubble" when no other jailers are present, and notifying master control when exiting the "bubble" for any reason.

15. Describe in detail and not in summary fashion any all policies, procedures, or training that has been given to jailers regarding opposite sex supervision from September 4, 2003 to present.

16. Describe in detail and not in summary fashion any and all policies, procedures, or training that has been given to jailers regarding reporting misconduct from other jailers from September 4, 2003 to present.

17. For every training identified in interrogatory 13,14,15, and 16:
    a. List all jailers who were invited and/or required to attend;
    b. List of those who attended;
    c. Written documents provided to jailers as a result of policies, procedures, or trainings identified in interrogatory 13, 14, 15 and 16;
    d. Indicate which jailers this information was provided to; and
    e. Whether you obtained signatures for each jailer regarding the receipt and/or review of the written document.

18. Describe in detail and not in summary fashion any and all policies, procedures, or training that has been/is given to inmates regarding reporting a jailers fraternization with an inmate, including sexual misconduct from September 4, 2003 to present.

7

19. Describe in detail and not in summary fashion the intake procedure when booking an inmate into PCJ, including but not limited to all policies, procedures, assessments, and screenings.

20.    Describe in detail and not summary fashion any and all policies, procedures, or training of Defendant Polk County's policies and procedures regarding jailers taking inmates to and from courtrooms from September 4, 2003 to present.

21. Describe in detail and not summary fashion what changes PCJ has made either procedurally or in the jail facilities from October 29, 2014, including but not limited to building modification, installation of security cameras and training of PCJ employees, to ensure that the alleged conduct as described in Plaintiff's Amended Complaint will not happen in the future.

22. Identify all persons who assisted in the drafting and approval of the Polk County Jail Policy and Procedures Manual; and identify every revision date of the policy from September 4, 2003 to present.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents identified, referred, to or utilized in any manner in responding to this discovery request.

2. A copy of Defendant Christensen's complete personnel file including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time except the content protected under HIPPA. This includes all documents which support, evidence, relate or otherwise pertain to Defendant Christensen's employment with you, including, but not limited to, documents relating to or reflecting job performance, employee reviews, awards to Defendant Christensen, complaints and or grievances against Defendant Christensen, or discipline of Defendant Christensen.

8

3. Copies of all documents generated as a result of any training received by Defendant Christensen, including but not limited to training pursuant to PREA.

4. Copies of all documents generated as a consequence of any investigations conducted into Defendant Christensen's conduct and/or violations which resulted in Polk County Case No. 15 CF 159. (These documents may be edited so as to expunge the names of any victims of sexual assault or misconduct.)

5. All documents, recordings, photographs and other materials in the possession of the Polk County Sheriff's Department as a part of the investigation which resulted in Defendant Christensen's current convictions and incarceration in Polk County Case No. 15 CF 159.

6. All documents that are relevant to Plaintiff's complaint or your defenses in this case.

7. Curriculum vitae for all your expert and/or lay witnesses.

8. All exhibits and/or documents you may utilize at trial.

9. All documents you intend to utilize at trial for impeachment purposes.

10. Any and all documents relating to or evidencing any investigation by you into Plaintiff's complaint of sexual assault by Defendant Christensen, including but not limited to:

    a. Written statements of witnesses;
    b. Notes of interviews with witnesses;
    c. Tape recordings of any and all oral statements and/or interviews of witnesses;
    d. Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses;
    e. Reports regarding the results of any and all investigations;
    f. Correspondence received from or sent to Plaintiff;
    g. Correspondence received from or sent to Defendant Christensen;
    h. Correspondence received from or sent to any person other than your counsel;
    i. Documents relating to or evidencing discussions between you and Plaintiff;
    j. Documents relating to or evidencing discussions between you and any person other than your counsel; and
    k. Documents received from or sent to any person other than your counsel.

11. Any and all floor plans and/or architectural drawings of PCJ since September 4, 2003 to present

including a drawing and/or plan which shows each and every area where the alleged incidences

of sexual assault occurred as highlighted in the Amended Complaint.

12. Any and all documents relating to any building modifications since September 4, 2003 to

present.

13. Any and all documents relating to any updates and installation of security cameras since

September 4, 2003 to present.

14. Any and all documents which support, evidence, relate to, or otherwise reflect any action

taken by you in response to Plaintiff's complaint of sexual assault by Defendant Christensen.

15. Any and all documents submitted to and/or received from the any Police Department,

Sheriff's Department, or Wisconsin Department of Corrections which concern or relate in

any way to its investigation concerning Plaintiff's claims against Defendant Christensen.

16. Any and all employee handbooks which you gave to Defendant Christensen during his

employment.

17. Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits,

complaints, charges, or claims made against you (other than those filed by Plaintiff) during

the time Defendant Christensen was employed.

18. Any and all documents which reflect or set forth Defendant Christensen's job duties and

responsibilities during his employment with you.

19. Copies of all customs, policies, and procedures that have been in place from September 4,

2003 to present.

20. Provide all training materials from the February 20, 2014 training on the Prison Rape

Elimination Act.

21. Provide all training materials from the February 20, 2014 training on the Prison Rape Elimination Act that were provided to Defendant Christensen including his signature of receipt and/or review if any.

22. For all individuals who had supervisory authority over Defendant Christensen, provide any and all documentation regarding of their job duties.

23. Provide any and all documentation regarding any allegation and/or investigation, including but not limited to violations of PREA, from September 4, 2003 to the present of PCJ staff having improper sexual contact with inmates and/or making improper sexual comments to inmates, including but not limited to Alan Jorgenson.

24. Provide any and all documentation regarding the installation, maintenance, or removal of cameras in the PCJ since September 4, 2003.

25. Provide any and all documentation regarding any policies and procedures pertaining to fraternization with inmates given to PCJ staff since September 4, 2003.

26. Provide any and all documentation given to inmates regarding PREA from September 4, 2003 to present.

27. Provide any and all documentation displayed within the jail regarding PREA including but not limit to posters, fliers, etc. from September 4, 2003 to present.

28. Provide any and all documentation regarding any policies and procedures pertaining to working in the "bubble" given to PCJ staff since September 4, 2003.

29. Provide any and all documentation regarding any policies and procedures pertaining to taking inmates to and from courtrooms given to PCJ staff since September 4, 2003.

30. Provide any and all documentation regarding any policies and procedures pertaining to supervision of opposite sex inmates given to PCJ staff since September 4, 2003.

11

31. Provide any and all documentation regarding any policies and procedures pertaining to reporting misconduct from other jailers given to PCJ staff since September 4, 2003.

32. Provide copies of the Polk County Jail Policy and Manual Procedures and revisions since September 4, 2003. This includes but is not limited to drafts, memorandums or notes created in relation to compliance with PREA.

33. Provide copies of any and all The Survey of Sexual Victimization, formally known as The Survey of Sexual Violence data for PCJ from September 4, 2003 to present.

34. Provide a complete copy of all policy, procedures, assessment, and screenings used when booking an inmate into PCJ.

35. Provide a complete copy of Plaintiff's file regarding her incarcerations at PCJ, including but not limited to all Booking Cards, Inmate Screenings, Inmate Screening Supplements, Inmate Classification Assessments, Inmate Notices, Incident Reports, Inventory Reports, Grievance Forms, General Request Forms, and Polk County Jail Programs Participation Contracts.

Dated: 4/4/16

ECKBERG LAMMERS, P.C.

By: _____

Thomas J. Weidner (1082013)
Lida M. Bannink (1088518)
Attorneys for Plaintiff
430 Second Street
(715) 386-3733
tweidner@eckberglammers.com
lbannink@eckberglammers.com