IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

J.K.J.,

       Plaintiff,                                          Civil Action No. 15-cv-428-wmc

v.

POLK COUNTY AND
DARRYL L. CHRISTENSEN,

       Defendants,

and

WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION,

       Intervenor.

M.J.J.,

       Plaintiff,                                          Civil Action No. 15-cv-433-wmc

v.

POLK COUNTY AND
DARRYL L. CHRISTENSEN,

       Defendants,

and

WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION,

       Intervenor.

**AFFIDAVIT OF LIDA M. BANNINK IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO RE-OPEN DISCOVERY, TO SUPPLEMENT SUMMARY JUDGEMENT RESPONSE TO POLK COUNTY, FOR LEAVE TO INVESTIGATE AMENDMENT OF PLEADINGS, FOR CONTINUING TRIAL DATE, MOTION TO COMPEL, AND SANCTIONS AGAINST POLK COUNTY**

LIDA M. BANNINK declares, pursuant to 28 U.S.C. § 1746 and under the penalty of

perjury, that the following is true and correct:

1. I am attorney licensed in the State of Wisconsin.

2. I am one of the attorneys representing Plaintiffs, M.J.J. and J.K.J., in the above-captioned matters.

3. I make this Affidavit in support of Plaintiffs' Motion for Leave to Re-open Discovery, to Supplement Summary Judgement Response to Polk County, For Leave to Investigate Amendment of Pleadings, for Continuing Trial Date, Motion to compel, and Sanctions against Polk County.

4. On April 5, 2016, Plaintiff J.K.J. and M.J.J.'s ("Plaintiffs") First Set of Written Interrogatories and Request for Production of Documents were served on Defendant Polk County ("Polk County"). (15-cv-428 ECF No. 87(1).)[1]

5. Plaintiffs received Polk County's discovery responses via two separate emails. The first email was received on May 12, 2016 attaching the written discovery. The second email was received on May 13, 2016 providing a Sharefile Link to the 4935 responsive documents. However, we were unable to open documents Bates PCJ 932-2677. Those documents were provided on May 17, 2016. Attached as **Exhibit A** is a true and correct copy of the emails from counsel for Polk County.

6. Also attached to the May 13, 2016 email were two Verifications signed by Scott Nargis, Deputy Sheriff, Jail Captain, and dated May 13, 2016. Attached as **Exhibit B** is a true a correct copy of the Verifications.

7. In Plaintiffs' April 5, 2016 interrogatory number 10, Plaintiffs' asked:

    Describe in detail and not in summary fashion any and all complaints, investigations and/or inquiries made into allegations of improper sexual conduct and/or improper sexual statements by any and all PCJ staff with inmates from September 4, 2003 to the present including but not limited to Alan Jorgenson.

8. In Plaintiffs' April 5, 2016 request for production of documents number 23, Plaintiffs' requested:

    Provide any and all documentation regarding any allegation and/or investigation, including but not limited to violations of PREA, from September 4, 2003 to the present of PCJ staff

---

[1] Documents cited to in this affidavit reference 15-cv-428. Identical documents were filed in 15-cv-433 but are not cited in this affidavit.

2

having improper sexual contact with inmates and/or making improper sexual comments to inmates, including but not limited to Alan Jorgenson.

9. Although Polk County's responses were not produced responsive to the categories in the request, the only documents that were produced responsive to the Allen Jorgenson ("Jorgenson") investigation were documents PCJ 3737-3768. (15-cv-428 ECF No. 86(18).)

10. On June 8, 2016, Plaintiffs' counsel sent a letter to Polk County indicating that document Bates PCJ 3747 references a handwritten letter from inmate N.S. concerning the Jorgenson Investigation and notes that this letter was not provided in discovery responses. **Exhibit C** is a true and correct copy of the letter sent to Polk County.

11. On June 15, 2016 Polk County sent two handwritten letters from inmate N.S. Bates PCJ4936 to PCJ4941. Attached as **Exhibit D** is a true and accurate letter from Polk County and the above mentioned documents that were produced in accordance. (Plaintiff has redacted the names of the inmates and replaced it with their initials.)This was the first time that additional documents were produced to Plaintiffs.

12. Plaintiffs were never given information as to why these documents were not disclosed in Polk County's initial production of documents.

13. On July 1, 2016, Polk County filed their Motion for Summary Judgment with supporting documents. (15-cv-428, ECF Nos. 54-57.)

14. Plaintiffs' filed their responsive brief on July 29, 2016. (15-cv-428, ECF Nos. 80-86.)

15. In Plaintiffs' responsive brief, they indicated that it was known from depositions that Jorgenson resigned, but that the details remained unclear. (15-cv-428, ECF No. 81 at pg. 30)

16. Polk County filed their Brief in Reply on August 16, 2016. (15-cv-428, ECF. No. 91)

17. In Polk County's reply to Summary Judgment, they included a letter of resignation from Jorgenson. This document was Bates PCJ 4944. (15-cv-428, ECF No. 92(2), PCJ 4944 as referenced in Declaration of Scott Nargis.) This letter was never provided to Plaintiffs in discovery.

18. On November 10, 2016, Plaintiffs again discovered another set of documents that appeared to be missing from the Jorgenson investigation. In reading PCJ 3739 (15-cv-428, ECF No. 86(18).) it is undoubtedly clear that certain documents should have been attached to the records produced but none were attached. Attached as **Exhibit E** is a true and correct copy of a letter sent from Plaintiffs' counsel to Polk County requesting these documents.

19. On November 18, 2016, Polk County sent a responding letter indicating "the County has found the documents that are enclosed and have been numbered by me 1 through 5." Because these documents were not Bates numbered by Polk County, Plaintiffs have Bates numbered these documents as MJJ/JKJ 4673-4678. These documents were received on November 21,

3

2016. Attached as **Exhibit F** is a true and correct copy of the letter and the attachments received from Polk County with Plaintiffs' Bates labels and date stamp added. (Plaintiff has redacted the names of the inmates and replaced it with their initials.)

20. Contained in this recent production of documents is an email from Steven Schaefer ("Schaefer") which began the entire investigation into Jorgenson. In his email he indicates,

    **We have all heard complaints about inappropriate comments to both inmates and staff. I have also heard of staff scanning outgoing mail and seeing many references to Allen's behavior. My opinion is that the inmates I spoke with are telling the truth.**

    **I have not talked to** ▮▮▮▮▮▮▮ **[inmate N.S.] or Allen at this point. I'm not sure whether I should proceed any further wit this, or if it is your issue.**

21. Prior to receiving the letter from Polk County dated November 18, 2016, counsel for Plaintiff clarified with Polk County exactly the documents that were being sought. Attached as **Exhibit G** is a true and correct copy of the email sent.

22. On November 23, 2016 Plaintiffs received an additional response from Polk County with additional documents relating to the Jorgenson investigation. Again, because Polk County did not Bates these documents, Plaintiffs have Bates them MJJ/JKJ 4679-4681. Attached as **Exhibit H** is a true and correct copy of these responses with Plaintiffs Bates labels and date stamp added. (Plaintiff has redacted the names of the inmates and replaced it with their initials.)

23. Once again, Polk County has produced no response as to why this information was not previously disclosed.

24. Plaintiffs have in good faith attempted to procure a complete set of discovery from Polk County, however, the piecemeal nature is neither efficient nor sufficient.

25. Plaintiffs have been prejudiced due to the late disclosure of this evidence.

26. The newly discovered evidence of Bates documents MJJ/JKJ 4673-4681 and Jorgenson's resignation letter prompts the need to re-open discovery, to supplement Plaintiffs' Summary Judgement Response to Polk County, for leave to investigate whether additional claims or parties need to be added to their Complaint, for a continuance of the January 30, 2016 trial date, to Compel Polk County to review their file to produce additional responsive documents, and for Sanctions against Polk County.

                                            **ECKBERG LAMMERS, P.C.**

Dated:  December 2, 2016        By:  s/Lida M. Bannink
                                                            Thomas J. Weidner (1082013)
                                                            Lida M. Bannink (1088518)
                                                            Attorneys for Plaintiffs
                                                            430 Second Street
                                                            (715) 386-3733
                                                            tweidner@eckberglammers.com
                                                            lbannink@eckberglammers.com