IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

J.K.J.,

    Plaintiff,                                                    Civil Action No. 15-cv-428-wmc

v.

POLK COUNTY AND
DARRYL L. CHRISTENSEN,

    Defendants,

and

WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION,

    Intervenor.

M.J.J.,

    Plaintiff,                                                    Civil Action No. 15-cv-433-wmc

v.

POLK COUNTY AND
DARRYL L. CHRISTENSEN,

    Defendants,

and

WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION,

    Intervenor.

**PLAINTIFFS' RESPONSE TO DEFENDANT POLK COUNTY'S RULE 26(a)(3)(A)
DISCLOSURES**

A(1).    Plaintiffs object to calling Eugene Atherton and Kenneth Robbins, to the extent that Plaintiffs' motions *in limine* are granted in full or in part with regards to Mr. Atherton

and Mr. Robbins.

A(2). Plaintiffs object to calling Michael Spierer, M.D., who, although is an expert witness has not been disclosed as an expert witness and is certainly not a fact witness as is shown by both his expert analysis in Polk County's Proposed Exhibits #26 and 27, and the intent to include his Curriculum Vitae as Proposed Exhibit #28.

B. Plaintiffs' object to reading Mr. Hompe's deposition testimony at trial in lieu of live testimony. Plaintiffs have subpoenaed and plan to produce Mr. Hompe to appear in person at trial. For completeness in response to the Pretrial Order, Plaintiffs have the following objections to and counter-proposals for Mr. Hompe's deposition testimony identified in Exhibit A.

C(1). Plaintiffs object to the following exhibits Polk County intends to present at trial:

- Nos. 1-8 without an indication as to which bates numbers are being referred to due to relevancy and prejudice; and
- Nos. 22-28 to the extent that Plaintiffs' motions *in limine* are granted in full or in part with regards to Mr. Atherton, Mr. Robbins, and Mr. Spierer.

C(2). Plaintiffs object to the following exhibits Polk County may offer at trial:

- Nos. 4-5 without specific identifications of portions intended to use due to relevancy and prejudice;
- Nos. 6-7 due to relevancy and prejudice;
- No. 10 without specific identifications of portions intended to use due to relevancy and prejudice;
- No. 13 without specific identification of which portions intended to use due to relevancy and prejudice;
- No. 17 - Object in accordance with our *Motions in Limine* and the need to redact identifiers. Otherwise, no objections to No. 17 under the assumption that PCJ actually meant pages numbers PCJ 4398-4679 versus what they wrote of 4389-4679.

**ECKBERG LAMMERS, P.C.**

Dated: 1/13/17   By: s/Lida M. Bannink
Thomas J. Weidner (1082013)
Lida M. Bannink (1088518)
Attorneys for Plaintiffs
430 Second Street
(715) 386-3733
tweidner@eckberglammers.com
lbannink@eckberglammers.com

26311-26233,902

2

# EXHIBIT A

| Brad Hompe - 07/15/2016 | | |
|---|---|---|
| **Polk County's Initial Designations** | **Plaintiffs' Objections & Counter- Designations** | **Polk County's Counter-Counter Designations** |
| 4:23-5:9 | No objections | |
| 8:9-23 | No objections | |
| 9:1-2 | No objections | |
| 9:6-7 | No objections | |
| 9:10-17 | No objections | |
| 10:19-21 | Add 11:3-11 for completeness | |
| 14:25-15:7 | Add 15:8-11 for completeness | |
| 15:19-16:10 | Add 16:22-17:7 for completeness | |
| 17:8-18:7 | Add 18:8-19, 19:5-15, and 19:25-20:7 for completeness | |
| | 22:8-10 | |
| | 23:1-18 | |
| | 25:10-13 | |
| | 25:18-26:9 | |
| | 27:2-14 | |
| | 29:4-30:12 | |
| | 33:20-34:19 | |
| | 37:16-20 | |
| | 39:19-40:6 | |
| | 41:2-7 | |
| | 43:6-10 | |
| | 44:10-45:15 | |
| | 48:6-23 | |
| | 49:15-18 | |
| | 50:3-15 | |
| | 53:22-54:25 | |
| 56:3-11 | No objections | |
| 56:14-58:6 | Add 69:7-70:10 and 70:14-20 for completeness | |
| 58:10-17 | No objections | |
| 59:4-15 | Add 59:16-60:9 for completeness | |
| 60:10-61:15 | Objection- in this portion Hompe appears to give an opinion on whether the jail is PREA complaint. However, at 67:14-19 and 68:4-18 Hompe | |

3

|  | specifically indicates he is not a PREA expert and does not make an opinion as to compliance with PREA. Mr. Weidner specifically objected as to foundation at the time of deposition. |  |
|---|---|---|
| 63:11-15 | No objections |  |
| 63:20-64:5 | Objection- in this portion Hompe appears to give an opinion on whether the jail is PREA complaint. However, at 67:14-19 and 68:4-18 Hompe specifically indicates he is not a PREA expert and does not make an opinion as to compliance with PREA. Mr. Weidner specifically objected as to foundation at the time of deposition. |  |
| 65:7-66:14 | No objections |  |